# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# MARTINSBURG

**DENISE TORLONE,**

    Plaintiff,

v.                                    **CIVIL ACTION NO.: 3:18-CV-53 (GROH)**

**COMMISSIONER OF SOCIAL SECURITY,**

    Defendant.

## ORDER ADOPTING REPORT AND RECOMMENDATION

On this day, the above-styled matter came before this Court for consideration of the Report and Recommendation ("R&R") of United States Magistrate Judge Michael J. Aloi [ECF No. 15], filed on November 6, 2018. In his R&R, Magistrate Judge Aloi finds that the ALJ's decision is supported by substantial evidence. Accordingly, he recommends that the Court grant the Defendant's Motion for Summary Judgment [ECF No. 13] and deny the Plaintiff's Motion for Summary Judgement [ECF No. 9].

## I. Background

Denise Torlone ("Plaintiff") filed an application for disability insurance benefits on April 5, 2014 and supplemental security income on April 7, 2014. The applications were initially denied on June 30, 2014, and again upon reconsideration on October 2, 2014. Thereafter, the Plaintiff requested a hearing, which was held before an Administrative Law Judge ("ALJ") on December 1, 2016. On March 30, 2017, the ALJ issued her decision that the Plaintiff was not disabled. The Appeals Council denied the Plaintiff's request for review on February 22, 2018, and the Plaintiff timely filed her complaint in this Court on April 12, 2018 [ECF No. 1]. On July 18, 2018, the Plaintiff filed her motion for

summary judgment. ECF No. 9. The Commissioner filed her motion for summary judgement on September 18, 2018. ECF No. 13. Having reviewed the parties' briefs, Magistrate Judge Aloi entered his R&R on November 6, 2018. ECF No. 15.

## II. Standards of Review

### A. Review of the R&R

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court is required to make a *de novo* review of those portions of the R&R to which objection is made. However, failure to file objections permits the district court to review the R&R under the standard that it believes to be appropriate, and if parties do not object to an issue, the parties' right to *de novo* review is waived. See Webb v. Califano, 468 F. Supp. 825 (E.D. Cal. 1979). Additionally, if the Plaintiff's objections simply "reiterate[] the same arguments made by the objecting party in [her] original papers submitted to the magistrate judge . . . the Court subjects that portion of the report-recommendation challenged by those arguments to only a clear error review." Taylor v. Astrue, 32 F. Supp. 3d 253, 260 (N.D.N.Y. 2012). Therefore, the Court will conduct a *de novo* review of those portions of the R&R to which a party makes new objections and will review the remaining portions of the R&R for clear error.

### B. Review of the ALJ's Decision

The Social Security Act limits this Court's review of a final decision of the Commissioner to: (1) whether substantial evidence supports the Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 390 (1971), and (2) whether the Commissioner applied the correct legal standards, Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). The phrase "supported by substantial evidence" means "more than a mere scintilla" and "such relevant evidence as a reasonable mind might accept as

2

adequate to support a conclusion." See Perales, 402 U.S. at 401 (citing Consol. Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)).

A reviewing court must not re-weigh the evidence or substitute its judgment for that of the Commissioner, so long as that decision is supported by substantial evidence. Hays, 907 F.2d at 1456. Ultimately, it is the duty of the ALJ reviewing a case, not the responsibility of the Court, to make findings of fact and to resolve conflicts in the evidence. King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979) ("This Court does not find facts or try the case *de novo* when reviewing disability determinations."); see also Seacrist v. Weinberger, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence, and that it is the claimant who bears the risk of nonpersuasion.").

**C. Evaluation Process**

To determine whether a claimant is disabled, the ALJ conducts a five-step evaluation process. 20 C.F.R. § 404.1520(a)(4). If the ALJ finds the claimant is not disabled at a certain step, the ALJ does not proceed to the next step. Id.

At step one, the ALJ must determine whether the claimant is engaging in substantial gainful activity. Next, the ALJ determines whether the claimant has a severe impairment. Then, the ALJ determines whether the claimant has a listed impairment (20 C.F.R. Part 404, Subpart P, Appendix 1) and conducts a Residual Functional Capacity ("RFC") assessment. At step four, the ALJ considers the RFC assessment to determine whether the claimant can perform past relevant work. Finally, at step five the ALJ considers the RFC assessment, age, education, and work experience to determine whether the claimant can perform any other work. See Davidson v. Astrue, Civil Action

No. 2:11-CV-55, 2012 WL 667296, at *3 (N.D. W. Va. Feb. 28, 2012) (citing 20 C.F.R. § 404.1520(a)(4)).

Here, under the five-step process, the ALJ found the Plaintiff was not disabled because the Plaintiff has the residual functional capacity to perform her past relevant work as a teacher's aide and any physical limitations can be reasonably accommodated. R. 12-24.

### III. Discussion

Pursuant to Magistrate Judge Aloi's R&R, as well as 28 U.S.C. § 636(b)(1)(C) and Federal Rule of Civil Procedure 6, objections were due within fourteen plus three days after entry of the R&R. The Plaintiff timely filed objections on November 20, 2018. ECF No. 16. Accordingly, this Court will review any portion of the R&R to which the Plaintiff objects *de novo*. The Court will review the remainder of the R&R for clear error.

In this matter, Magistrate Judge Aloi found that the ALJ's decision is supported by substantial evidence. ECF No. 15 at 40-44. Specifically, Magistrate Judge Aloi determined that the ALJ properly considered the record as a whole and the ALJ's credibility determination was proper based on the record. Id. Magistrate Judge Aloi further found that the ALJ's determination that Plaintiff's cardiac condition and resulting bilateral leg edema are improved with medication modification and can be reasonably accommodated is reasonable and based on substantial evidence. Id. Lastly, he found that the ALJ properly completed the two-tiered symptoms analysis. Id. Accordingly, Magistrate Judge Aloi concluded that there is sufficient evidence to support the ALJ's determination that the Plaintiff is not disabled. Id.

The Plaintiff objects to the R&R arguing that Magistrate Judge Aloi inappropriately reweighed the evidence in order to affirm the ALJ's subjective symptom analysis. ECF

4

No. 16 at 1. The Plaintiff's first objection to the R&R is that "even if the administrative record did not support a disability finding from November 20, 201[2] through November 14, 2013, the ALJ was still required to determine if Torlone was disabled *at any time* through her date last insured, December 30, 2016." Id. at 2. Plaintiff argues that Magistrate Judge Aloi made an assumption that because Plaintiff "was performing strenuous and substantial work over a year after her alleged onset date" she was not disabled at any point in the four-year relevant time period. Id. Plaintiff asserts that this assumption formed the basis of Magistrate Judge Aloi's finding that the ALJ properly completed the two-tiered symptom analysis. Id.

However, this Court does not find that Magistrate Judge Aloi was making the assumption set forth by Plaintiff. The magistrate judge's finding was not based solely on the evidence that Plaintiff performed strenuous and substantial work over a year after her alleged onset date. While this evidence was taken into consideration when reviewing the record as a whole, this was not the only evidence in the record to support this finding. Further evidence includes "the findings of Dr. Binder and Dr. Boukhemis, both of whom were of the opinion that Plaintiff could perform a range of light work with postural and environmental limitations" and there being no "evidence to suggest Plaintiff would be unable to return to her past relevant work as a teacher's aide given Plaintiff's [residual functional capacity] and her medical records taken as a whole." ECF No. 15 at 44. Magistrate Judge Aloi further found that "the opinions of treating physicians and non-treating, non-examining physicians were not in conflict and the ALJ properly afforded the opinions weight." Id. Accordingly, it is clear that Magistrate Judge Aloi did not reweigh the evidence in order to affirm the ALJ's subjective symptom analysis, but rather reviewed

5

the record as a whole before finding that the ALJ's analysis was adequate. Accordingly, this objection is without merit and is hereby **OVERRULED**.

Next, the Plaintiff argues that Magistrate Judge Aloi "dismissed the importance" of the credible evidence that Plaintiff suffers from bilateral leg edema and may have a need to elevate her legs. ECF No. 16 at 3. Plaintiff avers that Magistrate Judge Aloi dismissed this because it was not evident that the impairment existed since the Plaintiff's amended alleged onset date. Id.

However, the Plaintiff ignores the remainder of Magistrate Judge Aloi's finding regarding Plaintiff's bilateral leg edema. Magistrate Judge Aloi found the record included treatment notes from Plaintiff's medical records and a consultative examination that supported Plaintiff's edema in her legs had improved or was minimal and that she could be expected to stand and walk approximately five to six hours in an eight-hour day. ECF No. 15 at 43. Further, the bilateral leg edema could be reasonably accommodated and is improved with medication modification. Id. Accordingly, it is clear that Magistrate Judge Aloi did not "dismiss[] the importance" of this evidence. Rather, he considered the record as a whole and found the ALJ's determination was supported by substantial evidence. Therefore, this objection is without merit and is hereby **OVERRULED**.

Upon careful consideration of the record, the parties' motions and the R&R, the Court finds that Magistrate Judge Aloi committed no clear error with regards to the portions of the R&R to which Plaintiff filed no objections.

### IV. Conclusion

Accordingly, it is the opinion of the Court that Magistrate Judge Aloi's Report and Recommendation [ECF No. 15] should be, and is, hereby **ORDERED ADOPTED**. For

the reasons more fully stated in the Report and Recommendation, this Court **ORDERS** that the Plaintiff's Motion for Summary Judgment [ECF No. 9] is **DENIED** and the Defendant's Motion for Summary Judgment [ECF No. 13] is **GRANTED**.

The Court further **ORDERS** that this matter be **DISMISSED WITH PREJUDICE** and **STRICKEN** from the Court's active docket. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is **DIRECTED** to enter a separate order of judgment in favor of the Defendant.

The Clerk is further **DIRECTED** to transmit copies of this Order to all counsel of record herein.

It is so **ORDERED**.

**DATED**: February 22, 2019

GINA M. GROH
CHIEF UNITED STATES DISTRICT JUDGE